UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CURTIS CAMPBELL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 09 CV 1744 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | Judge John W. Darrah |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Curtis Campbell, brought suit against Michael J. Astrue, Commissioner of Social Security, seeking judicial review of the Social Security Administration's decision to deny him Social Security Insurance Benefits and Supplemental Security Income. Arguing in the alternative, Plaintiff submits that his claim should be remanded to the Commissioner for further proceedings based on new and material evidence.

## BACKGROUND

On January 14, 2008, Plaintiff, Curtis Campbell, filed an application for disability insurance benefits and supplemental security income. Plaintiff alleges that he became disabled on April 7, 2004. Plaintiff's application was denied after a hearing before an Administrative Law Judge (ALJ). The ALJ found that the Plaintiff was not disabled because he could effectively perform a significant number of jobs in the local economy. Subsequently, the Appeals Council denied the Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff, born in 1960, was forty-five years old on the date the ALJ issued her decision. Plaintiff had two years of college education and previously worked in the military, as a mail carrier and technical analyst. Plaintiff indicated he was unable to work due to pain in bilateral feet, ankles, knees, lower back, and shoulders; severe headaches, chest pains, hypertension, glaucoma, rheumatoid arthritis; and depression.

In March of 2004, Dr. Mason performed a psychiatric evaluation of Plaintiff. After the interview and examination, she diagnosed the Plaintiff with substance-induced mood disorder and polysubstance abuse. In April of 2004, three separate state agency doctors assessed the Plaintiff's medical records and concluded that Campbell could perform simple and detailed tasks, routine and repetitive tasks, and could work in a setting with reduced interpersonal contact.

Plaintiff began receiving mental health treatment in May of 2004 by Dr. Powell, a psychiatrist. She initially diagnosed major depression with psychotic features and a history of polysubstance abuse. In February of 2005, Dr. Powell completed a "Mental Impairment Questionnaire" form and reported Plaintiff's diagnosis as a major depressive disorder with psychotic features. She indicted that Plaintiff experienced various symptoms and had fair, poor or no ability to perform twenty-five mental activities listed on the form.

In October of 2005, Dr. Powell completed a "Medical Evaluation" form and reported Plaintiff's diagnosis as bipolar disorder with psychotic features. She indicated that Plaintiff had extreme functional limitation in activities of daily living, social functioning, concentration, persistence and pace. In December of 2005, Dr. Powell signed off on a report, indicating that Plaintiff had continued symptoms of depression,

such as anxiety, agitation, decreased appetite and sleep, and poor concentration. Dr. Marquis, a psychiatrist, reviewed the record evidence and testified as a medical expert at the January 2006 administrative hearing. He concluded that Plaintiff was limited to performing simple, routine repetitive work.

At the administrative hearing, William Schweiks, a vocational expert, provided testimony, describing the job opportunities available to someone similar to Plaintiff. Schweiks testified that the hypothetical individual could perform the jobs of file clerk, assembly worker, packer, and visual inspector, which numbered approximately 9,500 in the regional economy.

After reviewing the Plaintiff's medical records, the ALJ denied the Plaintiff benefits in a decision dated August 24, 2006. The ALJ found that Plaintiff had not worked during the pendency of his disability claim. The ALJ also found that Plaintiff had the following "severe" medical impairments: arthritis, bilateral shoulder impingement syndrome, spondylosis, glaucoma, depression, bipolar disorder, and a history of substance abuse.

The ALJ concluded that Plaintiff had a physical residual functional capacity that limited Campbell to sedentary work with a restriction on overhead reaching. The ALJ also noted that Campbell had a mental residual functional capacity to perform simple, routine, repetitive tasks that involved only minimal contact with co-workers, supervisors, or the public. Accordingly, the ALJ found that Plaintiff was unable to perform either of his two past relevant jobs. However, the ALJ determined that Plaintiff was able to perform the sedentary jobs of file clerk, assembly worker, and visual inspector. Therefore, the ALJ concluded that Plaintiff was not disabled.

## LEGAL STANDARD

An ALJ's findings constitute the final decision of the Commissioner of the Social Security Administration if the Appeals Council finds no basis for further review. *Smith v. Apfel*, 231 F. 3d 433, 437 (7th Cir. 2000). The district court examines the entire record but does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Powers v. Apfel*, 207 F. 3d 431, 435-35 (7th Cir. 2000). The findings of the Commissioner should be reversed only if it is not supported by substantial evidence or if it results from an error of law. *Lopez ex rel. Lopez v. Barnhartt*, 336 F.3d 535, 539 (7th Cir. 2003). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Micus v. Bowen*, 979 F. 2d 602, 604 (7th Cir. 1992). Thus, the Commissioner's decision may be reversed only if the evidence "compels" reversal, not merely because the evidence supports a contrary decision. *INS v. Elias-Zacarias*, 112 S. Ct. 812, 815 n.1 (1992)(emphasis original).

## ANALYSIS

In order to qualify for disability benefits, a claimant must be "disabled" as defined by the Social Security Administration. *Briscoe v. Barnhart*, 425 F. 3d 345, 351 (7th Cir. 2005). The determination of whether a claimant suffers from a disability, as defined in the Social Security Act, is conducted through a five-step inquiry, evaluated in sequence:

> (1) Whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Knight v. Charter*, 55 F. 3d 309, 313 (7th Cir. 1995).

4

The claimant has the burden of proof for steps one through four. *Clifford v. Apfel*, 227 F. 3d 863, 868 (7th Cir. 2000). The commissioner has the burden of proof for step five. *Id.*

*Reversal of ALJ's Decision*

Plaintiff first argues that the ALJ ignored material evidence from Campbell's treating psychiatrist. Plaintiff contends that the ALJ improperly assessed the notes of Campbell's visits to his treating psychiatrist, Dr. Powell. Plaintiff asserts that the ALJ focused on the notes from one of Mr. Campbell's visits to Dr. Powell and largely ignored the notes from over twenty months of other visits. Specifically, Plaintiff contends that the ALJ improperly determined that Dr. Powell's notes were absent any abnormal findings at the time of the December 2005 evaluation. Plaintiff also asserts that the ALJ improperly faulted Dr. Powell for failing to investigate the possible effect of alcohol on Campbell.

Plaintiff asserts that the ALJ focused solely on Section V of the December 21, 2005 examination notes. Plaintiff points out that Sections II, XI and XII of that same report indicated that Campbell reported symptoms indicative of serious health problems. Moreover, the same report also indicates that Dr. Powell was prescribing Campbell with Zoloft to better cope with his mental impairment. Plaintiff claims that, taken as a whole, the December 21, 2005 report does not support the ALJ's conclusion that there was improvement in the mental capacity of Mr. Campbell. Furthermore, Plaintiff notes that Dr. Powell's notes prior to the December 21, 2005 examination are also indicative of the existence of an ongoing mental health impairment. Plaintiff asserts that the ALJ is required to confront significant evidence that conflicts with her decision

5

and explain why she rejected it. *Indoranto v. Barnhart*, 374 F. 3d 470, 474 (7th Cir. 2004). Plaintiff contends the ALJ failed to meet this standard and improperly cherry-picked the information that suited her conclusion. *Herron v. Shalala*, 19 F. 3d 329, 333 (7th Cir. 1994).

Plaintiff also addresses the ALJ's conclusion that Dr. Powell failed to consider Campbell's alcohol use. Plaintiff argues that Dr. Powell was well aware of Campbell's alcohol abuse. Plaintiff points out that Dr. Powell noted "continued abstinence encouraged." Plaintiff contends this is evidence that Campbell was not actively abusing alcohol. Plaintiff asserts these errors indicate that the ALJ failed to consider the entire medical record of Campbell and amounts to an error that warrants reversal.

Defendant contends that the ALJ properly considered all of the evidence and discussed the relevant doctors' opinions pursuant to the appropriate regulatory factors. Defendant asserts that the ALJ was not required to grant significant weight to Dr. Powell's opinion to the extent that she thought Campbell was unemployable. Dr. Powell's conclusion was unsupported by objective medical findings and was inconsistent with other record evidence, including Dr. Marquis' opinion. Defendant also notes that the regulations do not require the ALJ to discuss her consideration of all of the factors and evidence. Rather, Defendant points out, the regulations provide that the ALJ will "give good reasons in our notice of determination." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Defendant asserts that the lack of record support for Dr. Powell's opinion and its inconsistency with other evidence constitute good reasons for rejecting this opinion. Moreover, as the Defendant points out, the ALJ explained why she did not give significant weight to Dr. Powell's treatment notes.

Defendant asserts that the ALJ appropriately assessed the role of alcohol in Campbell's functioning. Defendant points out federal legislation that precludes individuals from being found disabled based on alcohol or drug abuse. *See* Pub. L. 104-121, §§ 105(a), 105(b). Congress amended the Act to preclude entitlement to disability for those individuals whose alcoholism is a "contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1383c(a)(3)(J). Therefore, Defendant argues, the ALJ properly considered Campbell's alcohol use.

The ALJ afforded little weight to Dr. Powell's opinions. The ALJ determined that Dr. Powell's opinions were inconsistent with the relevant medical evidence and unsupported by the conclusions of other medical professionals. The ALJ's decision to afford little weight to Dr. Powell's determination is supported by substantial evidence in the record. Moreover, the ALJ gave sufficient reasons for her determination and considered all of the relevant evidence. It cannot be said that the ALJ's decision was unsupported by substantial evidence.

*ALJ Committed Legal Error in Weighing Evidence*

Plaintiff asserts that in weighing the psychiatric evidence, the ALJ failed to follow controlling law. Plaintiff cites federal law that dictates the guidelines for weighing medical opinions. Plaintiff notes the ALJ considered psychiatric evidence from three different medical professionals. Plaintiff points out that Dr. Boyenga and Dr. Pittman did not see Campbell's treatment notes. Therefore, these two doctors were unfamiliar with Campbell's medical history and did not deserve controlling weight under the ALJ's review. Plaintiff also contends that Dr. Maquis' opinion should not be given any

7

controlling weight because he was unfamiliar with the entirety of Campbell's treatment notes based on his testimony. Rather, Plaintiff asserts that the notes of Dr. Powell, who saw Campbell on a monthly basis, should be given controlling weight. Plaintiff argues that the ALJ misplaced the controlling weight of her decision on medical opinions from doctors who were unfamiliar with Campbell's medical history. Plaintiff contends this is contrary to federal guidelines and therefore warrants reversal.

Defendant counters by arguing that although Dr. Boyenga and Dr. Pittman may not have been able to review all of Campbell's records, the ALJ took all of Dr. Powell's notes into consideration in reaching her decision. Moreover, Defendant points out that Dr. Marquis was most likely not intimately familiar with Dr. Powell's records because they were submitted the same day as the hearing. Defendant asserts that the ALJ considered and reviewed all of the record evidence and explained why they did not constitute a finding of disability. Plaintiff contends that the ALJ considered all of the medical opinions in concert and did not necessarily give controlling weight to any one opinion. Based on the concert of opinions and the relevant medical evidence, the ALJ concluded that the Plaintiff could perform a modified range of sedentary work.

The ALJ's decision to not grant controlling weight to Dr. Powell's decision but rather consider all of the medical opinions in concert is supported by the evidence. Moreover, the decision was reasonable in light of the record evidence and was within the federal regulations that govern disability determinations. It cannot be said that the ALJ's decision is unsupported by substantial evidence nor that the ALJ committed a legal error in weighing the psychiatric evidence.

### Remand Based on New Evidence

Sentence six of 42 U.S.C. § 405(g) permits remand of a case to the Commissioner "upon showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Evidence is considered new for purposes of Section 405(g) if it was "not in existence or available to the plaintiff at the time of the proceeding." *Schmidt v. Barnhart*, 395 F.3d 737, 741-42 (7th Cir. 2005). Evidence is considered material if there is a "reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered." *Id.* at 742. Moreover, the evidence must relate to the claimant's condition "during the relevant time period encompassed by the disability application under review." *Id.*

Plaintiff has submitted mental health treatment records from Dr. Traci Powell that cover Campbell's treatment for the period of February 9, 2006 through July 13, 2006. Plaintiff asserts that these records were unavailable to the ALJ at the time of the hearing because they were not in existence at that time. The records were created between the date of Campbell's hearing and the date of the ALJ's decision. Plaintiff believes the records are material because they indicate a worsening of Campbell's mental health. Moreover, the records indicate that Campbell was not abusing alcohol. Plaintiff believes, had the ALJ seen these records, she may have ruled differently. Plaintiff asserts he is merely trying to ensure that the ALJ has access to all of his relevant medical records before making a decision.

Defendant reviewed the additional evidence that the Plaintiff has submitted. Defendant contends that the new evidence is not material and, therefore, does not warrant

9

remand. Defendant summarizes the evidence as indicating nothing more than continued mental health care, some variable improvement, medication noncompliance and stresses related to legal issues. Defendant asserts that this evidence falls short of the "material" standard and, therefore, does not establish a basis for changing the ALJ's decision.

The additional evidence that the Plaintiff seeks to submit indicates continued mental health care. Such evidence fails to meet the materiality standard required by the federal guidelines. There is nothing to establish that the ALJ would have reached a different conclusion had the disability claim been presented with this evidence. There is not a reasonable probability that the new evidence would have persuaded the ALJ to rule differently given the information that the Plaintiff seeks to submit. Plaintiff is not entitled to a remand under sentence six of 42 U.S.C. § 405(g).

## CONCLUSION

For the reasons stated above, the Plaintiff's motion for summary judgment is denied. The decision of the ALJ is affirmed.

Date: December 10, 2009

JOHN W. DARRAH
United States District Court Judge