UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CURTIS CAMPBELL,               )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )  Case No. 09 C 1744
MICHAEL J. ASTRUE,             )
                               )  Judge John W. Darrah
          Defendant.           )
                               )
                               )
                               )
                               )
                               )
                               )

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's, Curtis Campbell's, Application for Attorney's Fees

under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of

$15,846.95.[1] The Commissioner of the Social Security Administration (the

"Commissioner") opposes Campbell's Application.

## BACKGROUND

The factual background of this case has been recited at length in this Court's

decision in *Campbell v. Astrue*, No. 09 C 1744, 2009 WL 4884167, *1 (N.D. Ill.

Dec. 10, 2009) (*Campbell I*) and the Court of Appeal's decision in *Campbell v. Astrue*,

627 F.3d 299 (7th Cir. 2010) (*Campbell II*). In relevant part, on August 24, 2006, the

---

[1] Campbell initially requested $34,222.50 in attorney's fees. In his reply, Campbell conceded the Commissioner's seven specific objections to this amount and amended his request to seek $15,846.95.

Administrative Law Judge (the "ALJ") issued a decision, denying Campbell disability

insurance benefits and supplemental social security income based on the ALJ's

determination that Campbell is not disabled. Campbell filed a Complaint, seeking

judicial review of the Commissioner's decision. On December 10, 2009, this Court

affirmed the Commissioner's decision, which held that the ALJ's decision to discount Dr.

Traci Powell's (Campbell's treating psychiatrist) opinion was supported by substantial

evidence, sufficiently well-reasoned, and did not run afoul of federal regulations that

govern disability determinations. Further, this Court held that Campbell was not entitled

to remand under sentence six of 42 U.S.C. § 405(g), which allows remand based on new

evidence.

Campbell appealed, and, on December 6, 2010, the Court of Appeals reversed the

this Court's decision and remanded the case with instructions to return the matter to the

Social Security Administration ("SSA") for further proceedings consistent with its

opinion. The Court of Appeals held that the ALJ improperly discounted Dr. Powell's

opinion by selectively discussing portions of Dr. Powell's report, failing to evaluate the

entirety of Dr. Powell's mental health assessment of Campbell, and declining to give

Dr. Powell's opinion some weight pursuant to the factors set forth in

20 C.F.R. § 404.1527(d). *Campbell II*, 627 F.3d at 308-309. The court held the ALJ's

reliance on the "opinion of a non-examining medical expert whose testimony showed an

unfamiliarity with Campbell's current condition" was also improper. *Id.* Likewise, the

court held that the ALJ's reliance on the opinions of the state agency psychiatrist and

psychologist was improper because they reviewed only part of Campbell's psychiatric assessment. *Id.* at 309.

## LEGAL STANDARD

Under the EAJA, a successful litigant against the federal government is entitled to recover attorney's fees where (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no "special circumstances" exist which would make the award unjust; and (4) she timely filed an application for fees. 28 U.S.C. § 2412(d)(1)(A),(B). Under the EAJA, a court may award attorney's fees if either the Commissioner's pre-litigation conduct or her litigation position is not substantially justified. *Id.*

In the present case, the parties agree that the only issue in question is whether the Commissioner's position was "substantially justified." The Commissioner has the burden of proving that his position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (*Golembiewski*). The Commissioner's position is substantially justified if it has a reasonable basis in law and fact, and there is a reasonable connection between the facts in the record and the legal theory adopted. *See id.*

## ANALYSIS

Under the EAJA, the Commissioner has the burden of proving that his position was substantially justified. Here, the Commissioner argues that although this Court remanded the case to the SSA for further proceedings, the application for attorney's fees should be nonetheless denied because the Commissioner had a reasonable basis for his

3

position. Campbell argues that because the ALJ ignored portions of the record, the Commissioner was not substantially justified in unsuccessfully defending the ALJ's decision in this Court and the Court of Appeals.

The Seventh Circuit has ruled that it "typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified — something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Bassett v. Astrue*, 641 F.3d 857, 858 (7th Cir. 2011) (citing *Golembiewski*, 382 F.3d at 724.

In this case, the Seventh Circuit noted several errors in the ALJ's reasoning. Relevant here is that the ALJ entirely ignored certain portions of Dr. Powell's report. The Court of Appeals held that the ALJ erred because he selectively discussed portions of Dr. Powell's report but ignored portions of the report that suggest a disability. *Campbell II*, 627 F.3d at 306. The ALJ focused his attention only on Section "V – Mental Status." *Id.* But the ALJ ignored other portions of Dr. Powell's report, including sections for "Presenting Problems/Precipitants," "Diagnostic Formulation," and "Diagnostic Impression," which suggested greater mental limitations. In particular, the ALJ ignored that Dr. Powell gave Campbell "a rating of 50 on the GAF Scale, reflecting serious symptoms or any serious impairment in functioning, for example, being unable to keep a job." *Id.* at 307. The Seventh Circuit noted that such a conclusion does not support the ALJ's determination that "Campbell was mentally capable of sustaining work." *Id.*

4

The Commissioner argues that the ALJ "thoroughly explained his reasons for not giving significant weight to Dr. Powell's opinions." (Resp. at 5.) However, the Seventh Circuit noted that although the ALJ gave two reasons for not giving controlling weight to Dr. Powell's report, the Seventh Circuit held that neither qualified as a "good reason." *Campbell II*, 627 F. 3d at 307; *see Larson*, 615 F.3d at 749 (holding that an ALJ "must offer 'good reasons' for discounting a treating physician's opinion.").

One of the ALJ's reasons was "the absence of significant abnormal findings at the time of the December 2005 evaluation." *Campbell II*, 627 F. 3d at 307. The ALJ's determination that there was an absence of significant abnormal findings in December 2005, however, substantially ignores portions of the record. The ALJ only relied on a December 22, 2005 mental health assessment, which was not created by Dr. Powell but rather another physician on September 14, 2005. Notably, the ALJ ignored Dr. Powell's contemporaneous treatment notes dated December 21, 2005, which contain observations that support a finding of disability. The Commissioner argues that "although the Seventh Circuit . . . concluded that the ALJ did not discuss the remaining portion of the December 2005 assessment form, her finding that the normal mental status examination findings were inconsistent with Dr. Powell's extreme opinion was reasonable." (Resp. at 5.) But had the ALJ considered Dr. Powell's December 21, 2005 treatment notes, she would have seen that, "Dr. Powell's observations and conclusions remained essentially consistent throughout the course of her treatment of Campbell." *Id.*

Because the ALJ ignored substantial evidence supporting Campbell's claim, in at least two respects, the Commissioner's final position and the Government's defense of

the ALJ's decision in the district and appellate courts was not substantially justified. *See Golembiewski*, 382 F.3d at 725 (reversing district court's decision denying attorney's fees under the EAJA because, in part, the ALJ ignored evidence in the record supporting the claimant's claim); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006) (noting reversing the district court's denial of attorney's fees in *Golembiewski* was proper because "the ALJ in that case mischaracterized the medical evidence and also ignored evidence supporting Golembiewski's claim.").

Next, the Commissioner argues that Campbell's request of attorney's fees in the amount of $34,222.50 represents an unreasonable expenditure given the facts of this case. The Commissioner lodges seven specific objections to Campbell's attorney's fees. In his reply, Campbell concedes each of the Commissioner's seven objections. By adjusting the attorney's fees pursuant to the Commissioner's objections, Campbell amends his request to seek payment of $15,846.95 in attorney's fees. This amount is reasonable.

## CONCLUSION

For the reasons stated above, Campbell's Application for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [38], in the amount of $15,846.95 is granted.

Date: 7/26/11

JOHN W. DARRAH
United States District Court Judge